# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

---

**JAMES ELLIS and DARRYL ELLIS, Individually
and on Behalf of All Others Similarly Situated,**
        **Plaintiffs,**

v.                                                                   **Case No. 19-cv-661**

**NATIONSTAR MORTGAGE, LLC d/b/a MR. COOPER,**
        **Defendant.**

---

## ORDER

Plaintiffs' class action complaint alleges violations of the Electronic Funds Transfer Act ("EFTA"), the Truth in Lending Act, ("TILA"), the Real Estate Settlement Procedures Act ("RESPA"), and state law. Defendant has moved to dismiss certain counts. As explained below, the motion is **DENIED**.

### I. BACKGROUND

Plaintiffs closed on the purchase of their home in August 2016. ECF 46, ¶ 13. According to the amended complaint, Plaintiffs' mortgage was serviced by Pacific Union Financial, LLC ("PUF"), which was authorized to collect payments by withdrawing funds from Plaintiffs' checking account every fourteen (14) days. *See id.*, ¶¶ 14–23. On February 1, 2019, Plaintiffs received notice from PUF that servicing of their mortgage loan was being transferred to Nationstar Mortgage LLC d/b/a Mr. Cooper[1] ("Defendant"). *Id.*, ¶ 24. *See also* Ex. C (PUF letter). This letter also stated that PUF would stop collecting payments on January 31, 2019 and that Plaintiffs should expect a delay with respect to Defendant's first collection. *Id.*, ¶¶ 35–36. Plaintiffs called Defendant immediately after receiving this letter to make sure that payments would be automatically withdrawn every fourteen days (like with

---

[1] Nationstar acquired and absorbed PUF. *Id.*, ¶¶ 41, 64.

PUF), which Defendant allegedly confirmed. *Id.*, ¶¶ 26, 43. Despite the indication that PUF payments would stop January 31, PUF initiated an automatic payment from Plaintiffs' checking account on February 1. *Id.*, ¶ 37. Then, on February 8, Defendant initiated another automatic payment which caused Plaintiffs' checking account to be overdrawn, incurring a $34 overdraft fee (later reimbursed by Defendant) and forcing Plaintiffs to delay or forego some purchases. *Id.*, ¶¶ 44–48, 53, 73. PUF also allegedly did not pay interest on the related escrow account, which Plaintiffs were required to keep for paying property taxes, insurance, etc., and generated more income than it cost to maintain the account. *Id.*, ¶¶ 75–77, 81.

Defendant moves to dismiss Counts II, III, IV, V, and VII. Counts II, V, and VII relate to the allegations that Defendant failed to pass on net income derived from Plaintiffs' interest-bearing escrow fund in violation of the TILA, RESPA, and Wisconsin state law. Counts III and IV allege RESPA violations for an unauthorized withdrawal of funds from Plaintiffs' account and Defendant's failure to provide adequate notice of the transfer in loan servicing.

## II.  STANDARD OF REVIEW

To avoid dismissal under Rule 12(b)(6), a complaint must "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The complaint must, at minimum, "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555. I may also consider attachments to the complaint. *Witzke v. Femal*, 376 F.3d 744, 749 (7th Cir. 2004) (citing *Tierney v. Vahle*, 304 F.3d 734, 738 (7th Cir. 2002)).

## III.  DISCUSSION

Defendant argues that Plaintiffs' escrow-related claims in Counts II, V, and VII should be dismissed for failing to meet pleading standards. Plaintiffs' Count II TILA claim is also

time-barred by the one-year statute of limitations and Counts III and IV should be dismissed because they fail to state direct and plausible allegations of actual damages, a required element of RESPA claims. Plaintiffs assert that the allegations are sufficient; Defendant's position is based on an inapplicable heightened standard. Further, the TILA claim is not time-barred because it plausibly asserts a continuing violation. With respect to Counts III and IV, even if the overdraft fees were refunded, the actual damages requirement for RESPA claims is met by Plaintiffs' damages for loss of the time-value of money, time spent rectifying the error, and harm to their relationships with their financial institutions, emotional distress, and credit rating, all directly traceable to Defendant's conduct.

I agree with Plaintiffs. With respect to the statute of limitations issue, Plaintiffs' assertion that this violation is still ongoing is enough to survive at this stage. While Defendant's argument is compelling and may ultimately prevail at summary judgment, I find that further factual development is necessary to resolve this issue given the standard for timeliness-based dismissals at pleading. *See Sidney Hillman Health Ctr. of Rochester v. Abbott Labs., Inc.*, 782 F.3d 922, 928 (7th Cir. 2015) ("As long as there is a conceivable set of facts, consistent with the complaint, that would defeat a statute-of-limitations defense, questions of timeliness are left for summary judgment (or ultimately trial), at which point the district court may determine compliance with the statute of limitations based on a more complete factual record."); *Stuart v. Local 727, Int'l Bhd. of Teamsters*, 771 F.3d 1014, 1018 (7th Cir. 2014) ("A plaintiff is not required to negate an affirmative defense in his or her complaint") (citing cases); *Cty. of Cook v. HSBC N. Am. Holdings Inc.*, 314 F.Supp.3d 950, 969 (N.D. Ill. 2018) ("Dismissing a claim at the pleading stage based upon a statute of limitations defense is typically disfavored.") (citing cases). I am also satisfied that Plaintiffs' allegations with respect to Counts II, V, and VII are sufficient to satisfy the federal pleading

standard.[2] Plaintiffs' reference to public information in this circumstance is permissible. *See, e.g., Hoover v. HSBC Mortg. Corp.*, 9 F.Supp.3d 223, 247 (N.D.N.Y. 2014). Dismissal on this ground would be too strict – it is not necessary for Plaintiffs to show such solid proof of liability at pleading. *See Twombly*, 550 U.S. at 556 (case may proceed past pleading "even if it strikes a savvy judge that actual proof of those facts is improbable, and that a recovery is very remote and unlikely") (citation and internal quotations omitted).

Finally, I am also satisfied that Plaintiffs state plausible allegations of actual damages with respect to Counts III and IV. Even when refunded over a week after the fact, Plaintiffs still had to forego or delay other expenses to avoid more overdrafts and further harm to their relationship with their bank and credit rating. While more specificity will be required at summary judgment, this is enough at this stage. *See Diedrich v. Ocwen Loan Servicing, LLC*, 839 F.3d 583, 590–91 (7th Cir. 2016) (allegation of damage to credit is sufficient to allege damages at pleading); *Taylor v. Wells Fargo Bank, N.A.*, 2010 WL 11552929, at *6 (C.D. Cal. Sept. 15, 2010) ("RESPA's actual damages pleading requirement is liberally applied.") (citing cases); *Kesten v. Ocwen Loan Servicing, LLC*, 2012 WL 426933, at *6 (N.D. Ill. Feb. 9, 2012) ("time-value of money and liquidity" are sufficient to allege damages); *Hammer v. Residential Credit Sols., Inc.*, 2015 WL 7776807, at *24 (N.D. Ill. Dec. 3, 2015) (citing cases). *See also Hug v. Nationstar Mortg. LLC*, 2019 WL 917999, at *4–5 (W.D. Wis. Feb. 25, 2019); *Ploog v. HomeSide Lending, Inc.*, 209 F.Supp.2d 863, 870 (N.D. Ill. 2002).[3]

---

[2] Specifically, Plaintiffs' non-receipt of interest payments and filings from similar litigation that allows a reasonable inference of a uniform practice or policy. *See* ECF 46, ¶¶ 75–98.

[3] Defendant also asserts that Plaintiffs do not adequately plead a pattern or practice of noncompliance necessary for statutory damages under the RESPA. ECF 48 at 15–16. I find that such a "pattern or practice" is adequately pled here, given that Plaintiffs plausibly allege that PUF and Nationstar did not agree on the effective date of their merger and the overdraft would appear to be the result of an automated process error, which would likely affect more than one account; this is also a putative class action. *See* ECF 46, ¶¶ 56–57, 68–69. *See also Renfroe v. Nationstar Mortg., LLC*, 822 F.3d 1241, 1247–48 (11th Cir. 2016) ("Disclosing the identities of other borrowers, the dates of the letters, and the specifics of their inquiries is not a prerequisite to pleading statutory damages…"); *Whittaker v. Wells Fargo Bank, N.A.*, 2014 WL 5426497, at *9 (M.D. Fla. Oct. 23, 2014) (distinguishing individual from class actions).

## IV. CONCLUSION

**THEREFORE, IT IS ORDERED** that Defendant's partial motion to dismiss (ECF 47) is **DENIED. Defendant's answer to the third amended complaint is due within fourteen (14) days of the date of this order.**

Dated at Milwaukee, Wisconsin, this 9th day of February, 2021.

s/Lynn Adelman<br>
LYNN ADELMAN<br>
District Judge